IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER GATES                                                                              PETITIONER

v.                                                                                         No. 1:17CV58-SA-DAS

JUDGE JAMES KITCHENS, ET AL.                                                        RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Christopher Gates for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The State has moved to dismiss the petition; the petitioner has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

When Christopher Gates filed the instant petition for a writ of *habeas corpus*, he was in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correctional Institution in Leakesville, Mississippi.[1] He was originally indicted on charges of possession of cocaine (Count I), possession of "MDMA" (Count II), possession of codeine (Count III), and possession of a stolen firearm (Count IV) in Clay County Circuit Court Cause Number 8839. *See* Exhibit B.[2] On October 13, 2006, he pled guilty to the charge of possession of codeine in Count

---

[1] Mr. Gates was paroled on May 3, 2017. *See* Exhibit A (Certificate of Parole and signed Statement of Conditions Under Which This Parole is Granted). He has since provided an address in West Point, Mississippi. *See* ECF Docs. 7 and 8.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

III, and the Clay County Circuit Court sentenced him to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Exhibit C. The circuit court further sentenced Gates to serve five (5) years of reporting post-release supervision. *See* Exhibit C. In exchange for his guilty plea to Count III, the Clay County Circuit Court entered an order retiring the remaining three (3) counts of the indictment to the files (Counts I, II, and IV). *See* Exhibit D. On January 11, 2008, the MDOC Records Department issued a notice to the Clay County Circuit Court that Gates would be released under the Intensive Supervision Program (ISP) on January 22, 2008, "in accordance with House Bill #565 to amend 47-7-17 of the Mississippi Code, 1972." *See* Exhibit E.

On May 13, 2015, an Assistant District Attorney for the Sixteenth Circuit Court District filed a Petition to Revoke Post-Release Supervision explaining that Mr. Gates had violated the terms of such supervision in multiple instances.[3] *See* Exhibit F. On January 22, 2016, the Clay County Circuit Court entered an order revoking Gates' parole and ordered him to serve five (5) years in the custody of the MDOC. *See* Exhibit G.

Gates signed a motion for post-conviction relief dated October 28, 2016; however, the motion was not stamped as "filed" until January 17, 2017, in Clay County Circuit Court Cause Number 2017-0007K. *See* Exhibit H. On March 20, 2017, Gates signed a letter seeking to include additional grounds for relief in his post-conviction motion. *See* Exhibit I. On July 19, 2017, the Clay County Circuit Court entered an order dismissing Gates' motion for post-conviction relief finding that "it

---

[3] According to the Petition to Revoke Post-Release Supervision, since Gates' release from confinement, he had: been arrested for disorderly conduct and resisting arrest; been convicted of speeding, driving with a suspended license, failure to yield to blue lights and siren, and possession of marijuana in a motor vehicle; failed to report to MDOC since February 3, 2015; failed to pay supervision fees and court ordered payments; and tested positive for use of marijuana, opiates, and spice. *See* Exhibit F.

appear[ed] as though the Petitioner ha[d] been released from the custody of the Mississippi Department of Corrections since the filing of this post-conviction motion and therefore said filing [wa]s moot." *See* Exhibit J. Mr. Gates did not appeal the order dismissing his motion for post-conviction relief.[4] In addition, he concedes in his federal *habeas corpus* petition that he has not filed any documents in the Mississippi Supreme Court challenging his original conviction and sentence imposed for possession of codeine or subsequent revocation. *See* ECF Doc. 1.

On March 22, 2017, Mr. Gates signed the instant federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which challenges both Gates' original conviction and sentence and later revocation. Mr. Gates was paroled on May 3, 2017. *See* Exhibit A.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Under Mississippi Rule of Appellate Procedure 4(a), Mr. Gates had thirty (30) days from the Clay County Circuit Court's dismissal of his post-conviction motion to file a notice of appeal of the circuit court's order.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Currently, criminal defendants in Mississippi may not pursue a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, such appeals were available in limited circumstances when Mr. Gates was convicted and sentenced.[5] As such, Mr. Gates' conviction became final on November 13, 2006, thirty (30) days after the Clay County Circuit Court sentenced him on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Mr. Gates did not file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 13, 2007, to toll the limitations period; as such, he does not enjoy statutory tolling under 28 U.S.C. § 2244(d)(2). Thus, Mr. Gates' federal *habeas corpus* deadline remained November 13, 2007.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d

---

[5] As stated above, there is a statutory prohibition of direct appeals from guilty pleas under state law; however, at one time, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue appealed concerns an alleged illegal sentence. *See Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999). This exception no longer applies to guilty pleas taken after the July 1, 2008, the effective date of amendment to Mississippi Code Annotated § 99-35-101 (Supp. 2009). *Seal v. State*, 38 So.3d 635 (Miss. App. 2010). However, as Mr. Gates entered his guilty plea prior to 2008, the court has calculated that the judgment became final thirty (30) days after Gates was sentenced on his plea. Finally, as the thirty-day deadline fell on Sunday, November 12, 2006, Gates' conviction became final on the next business day, Monday, November 13, 2006.

1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 28, 2016, and the date it was received and stamped as "filed" in the district court on January 17, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed some nine years after the November 13, 2007, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* – regarding Mr. Gates' challenge to his original conviction – will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

## The Doctrines of Procedural Default and Procedural Bar

Mr. Gates' challenge to *revocation of his parole* is, however, timely. Under Mississippi law, "[a]n order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980) (quoting *Pipkin v. State*, 292 So.2d 181, 182 (Miss. 1974)). Thus, Gates' sentence under his revocation became final on the day of revocation and sentencing, January 22, 2016. Mr. Gates' challenge to his revocation and resulting sentence in his federal *habeas corpus* petition were originally due on January 23, 2017. The court will grant Mr. Gates 264 days of statutory tolling for the period during which Gates' post-conviction motion was pending in the Clay County Circuit Court. Doing so yields a filing deadline of Monday, October 16, 2017, as to Gates' revocation and resulting sentence (Monday, January 23, 2017, plus 264 days, with the deadline being set on the next business day, Monday, October 16, 2017). Mr. Gates' federal *habeas corpus* petition was signed on March 22, 2017, and filed on April 17, 2017, and is thus timely filed.

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, –– U.S. ––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a

procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice –
### As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In the instant case, Mr. Gates concedes that he appealed neither his conviction and sentence nor the denial of the post-conviction relief challenge to his parole revocation. The

deadline for him to appeal the Clay County Circuit Court's dismissal of his motion for post-conviction relief expired on July 19, 2017. Under Mississippi Rule of Appellate Procedure 4(a), any such notice of appeal would have been due in the circuit court on or before Friday, August 18, 2017 (thirty (30) days after entry of the circuit court's order). Further, the deadline to appeal his original conviction and sentence expired nearly a decade before he filed the instant petition. As Mr. Gates did not appeal either of the circuit court's decisions, and the deadline to do so has expired, he has not properly presented his allegations regarding his conviction, sentence, and revocation to the state's highest court, thus giving the state courts a full opportunity to consider any constitutional issues. As such, his claims are barred in the instant petition under the doctrine of procedural default. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

Mr. Gates has alleged neither cause for his default nor prejudice he might suffer were the court to apply it. The court's decision to uphold the bar will not result in a fundamental miscarriage of justice because Mr. Gates has not shown that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not presented the court with "new, reliable evidence that was not presented at trial and [to] show that it [is] 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman*, 188 F.3d at 644 (citations omitted). In the instant case, Mr. Gates pled guilty to the charge of possession of codeine, and he has presented nothing to show that he did not commit the crime. As such, all of Mr. Gates' grounds for relief are procedurally defaulted and must be dismissed for that reason, as well.

## Conclusion

In sum, the petitioner's claim challenging his original conviction and sentence on the charge of possession of codeine will be dismissed as untimely filed. In addition, the petitioner's claims challenging his original conviction and sentence, as well as his claim challenging revocation of parole, will be dismissed as procedurally defaulted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of February, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE